IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTONIO A. CHARLEMAGNE,

          Petitioner,

     v.

BRAD CAIN,

          Respondent.

Case No. 2:23-cv-00088-SI

ORDER TO DISMISS

SIMON, District Judge.

This 28 U.S.C. § 2254 habeas corpus case comes before the Court on Respondent's Motion to Dismiss (#8) the Petition for Writ of Habeas Corpus (#1) as moot. For the reasons that follow, Respondent's Motion to Dismiss (#8) is granted.

## BACKGROUND

Following Petitioner's 1985 convictions for Murder and Assault in the Second Degree, the Multnomah County Circuit Court sentenced him to an indeterminate life sentence and a consecutive five-to-ten year prison sentence. The Oregon Board of Parole and Post-Prison Supervision ("Board") established Petitioner's initial release date as December 22, 1998. However, the Board did not release him on that date because it concluded that he suffered from a present severe emotional disturbance that rendered him a danger to the community. It proceeded

1 - ORDER TO DISMISS

to make that same finding every two years and, in 2011, concluded that it was not reasonable to expect that Petitioner would be granted a firm release date for at least 10 more years. It therefore established November 6, 2021 as his new projected release date. Respondent's Exhibit 103, pp. 80-84.

Even though the Board deferred Petitioner's release date by ten years, Oregon law permitted him to request an interim hearing every two years. *See* ORS 144.280(2). Petitioner availed himself of this opportunity in 2013, 2015, and 2017, but the Board refused to conduct an interim hearing in each of those years. Respondent's Exhibit 103, pp. 89, 94, 125. At issue in this case is the Board's decision denying Petitioner's 2017 request for an interim hearing.

After the Board denied Petitioner's request for an interim hearing in 2017, he filed for administrative review. The Board presided over the administrative review and denied relief. *Id* at 147-48. Petitioner then filed for judicial review in the Oregon Court of Appeals. While that case was pending, on June 2, 2021, the Board conducted an exit interview in advance of Petitioner's November 6, 2021 projected release date it had established in 2011. The Board once again found that he continued to suffer from a severe emotional disturbance and deferred his release to parole for two more years. Respondent's Exhibit 109, pp. 3-5. Due to the Board's consideration of Petitioner's suitability for parole during the pendency of his judicial appeal, the State moved to dismiss the appeal as moot. The Oregon Court of Appeals granted the motion, and the Oregon Supreme Court denied review. *Gutierrez v. Bd. Of Parole & Post-Prison Supervision*, 317 Or. App. 552, 506 P.3d 1129 (2022), *rev. denied,* 370 Or. 197, 514 P.3d 1113 (2022).

In this federal habeas corpus case, Petitioner continues to challenge the Board's 2017 refusal to conduct an interim parole hearing. He maintains that the Board utilized new standards

2 - ORDER TO DISMISS

to illegally deny him the interim parole hearing in violation of his rights to due process and to be free from *ex post facto* punishment. Respondent moves to dismiss the case for mootness.

## **DISCUSSION**

A claim which fails to present an active case or controversy is moot under Article III, § 2, of the U.S. Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "[A]n actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "The basic question . . . is whether there is a present controversy as to which effective relief can be granted." *Northwest Environmental Defense Center v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988). "If there is no longer a possibility that [a litigant] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Rubalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999).

Although Petitioner continues to challenge the Board's allegedly unlawful refusal to provide him with an interim hearing in 2017, the record clearly establishes that the Board conducted an exit interview for him in 2021 and determined that he still was not suitable for parole. Petitioner nevertheless asserts that his case is not moot because if he prevails, the Board will be required to release him. This assertion is not well taken because if he were to prevail in this case, his remedy would be limited to a parole hearing. Because the Board has already held such a hearing in the form of the previously scheduled 2021 exit interview, there is no longer an active case or controversy.

Petitioner makes an alternative argument wherein he asks the Court to refrain from applying the mootness bar because the Board's denial of an interim hearing is one that is capable of repetition yet evading review. While there is an exception to mootness for such circumstances,

the exception only applies where: (1) the challenged action is of too short a duration to be fully litigated prior to its expiration; and (2) the litigant will be subject to the same wrong again. *See, e.g., Fed. Election Comm'n v. Wisconsin Right to Life, Inc.,* 551 U.S. 449, 462 (2007). Petitioner's own procedural history belies his contention that this exception applies to his case.

As previously mentioned, Petitioner first unsuccessfully sought an interim hearing from the Board in 2013. He was not only able to challenge the Board's 2013 decision through an administrative appeal, but also mounted judicial challenges to that same decision in the Oregon Court of Appeals, Oregon Supreme Court, the U.S. District Court, and the Ninth Circuit Court of Appeals. *Gutierrez v. Bd. Of Parole & Post-Prison Supervision,* 277 Or. App. 396, *rev. denied,* 360 Or. 235 (2016); *Gutierrez v. Cain,* 2019 WL 5198170 (D. Or. March 7, 2019), *findings and recommendation adopted,* 2019 WL 5197551 (D. Or. Oct. 14, 2019), *certificate of appealability denied,* 2020 WL 2188919 (9th Cir. March 19, 2020). All of those judicial proceedings concluded prior to his exit interview in 2021. "[T]he 'capable of repetition, yet evading review' exception is concerned not with particular lawsuits, but with classes of cases that, absent an exception, would *always* evade judicial review." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (italics in original). Petitioner's demonstrated ability to fully litigate the Board's 2013 decision illustrates how a regularly scheduled exit interview does not necessarily moot a challenge to the Board's refusal to conduct an interim hearing. The "capable of repetition, yet evading review" exception is therefore inapplicable to this case, and the Petition for Writ of Habeas Corpus is dismissed as moot.

///

///

4 - ORDER TO DISMISS

## CONCLUSION

Respondent's Motion to Dismiss (#8) is granted, and the Petition for Writ of Habeas Corpus (#1) is dismissed on the basis that it is moot. The Court declines to to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

 October 20, 2023 
DATE

Michael H. Simon
United States District Judge